**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MIDLAND CREDIT MANAGEMENT,**

       **Plaintiff,**

v.                                               Case No:   6:22-cv-918-WWB-DAB

**EROD LAPOINTE,**[1]

       **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** Motion to Proceed In Forma Pauperis (Doc. 6)
>
> **FILED:** May 31, 2022
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the action be remanded for absence of jurisdiction**.

On May 18, 2022, *pro se* Plaintiff filed a Notice of Removal of a state court

---

[1] Defendant LaPointe refers to himself throughout the Notice of Removal and the Motion as "Erod Habib Xaragua El"--he is described as the "Authorized Representative Ex Relatione" of Erod LaPointe but appears to be one and the same person. Under the name of "Erod Habib Xaragua El" he has filed two other lawsuits in the Orlando Division of the Middle District of Florida: one against Wells Fargo Bank, N.A., in *Erod Habib Xaragua El v. Garcia*, Case No. 6:22-cv-751-WWB-DAB; and the second against Orange County, Florida, in *Erod Habib Xaragua El v. Vega*, Case No. 6:22-cv-1089-CEM-DAB.

small claims action, *Midland Credit Management Inc. v. Erod LaPointe*, Case No. 2022-SC-010819-O, relating to collection of a charged-off account that Midland Credit Management acquired from Citibank. *See* Doc. 1-1 at 8. LaPointe, as removing Defendant, was required to file a copy of the state court complaint with the Notice of Removal; however, he has failed to do so. *See* 28 U.S.C. § 1446(a)(a defendant removing a case from state court "shall file in the district court" a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant").

A review of the state court public records[2] reveals that Midland Credit Management, Inc. is suing LaPointe for a $1,927.83 debt he owed on a Citibank-financed credit card (for Best Buy Stores); Citibank eventually sold the charged-off account to Midland Credit Management, Inc. who filed suit against LaPointe in Orange County Small Claims Court on March 21, 2022. *See* Attachment. LaPointe was served with the Complaint on March 28, 2022. Doc. 1 ¶ 2. He removed the case to this Court on May 18, 2022. Doc. 1. LaPointe filed a "Notice of Default" and a "Writ in the Nature of Discovery and Disclosure" in this Court against Midland Credit on June 13, 2022. Docs. 8; 8-1.

District Judge Berger entered an Order for LaPointe to pay the filing fee or

---

[2] *See* https://myeclerk.myorangeclerk.com/ (search for Case No. 2022-sc-010819-O) (last visited July 5, 2022).

file an affidavit to proceed in forma pauperis. Doc. 5. On May 31, 2022, Plaintiff filed an "Affidavit of Financial Statement (Exercise of Constitutionally-Secured Right)," which the Court construes as a Motion to Proceed in forma pauperis (the "Motion") (Doc. 6). It is recommended that the Motion be **denied** and the case be remanded to state court.

## I. APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[3] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
>      (i)   is frivolous or malicious;
>      (ii)  fails to state a claim on which relief may be granted; or
>      (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[3] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 6.03(a).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. The Local Rules of the United States District Court for the Middle District of Florida govern proceedings *in forma pauperis*. Under Local Rule 6.03(a), "The clerk must docket, assign, and submit to a judge for preliminary review a motion for leave to proceed *in forma pauperis*."

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[4] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984); *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979). This analysis is equally compelling where a defendant seeks to proceed as a pauper in a case he

---

[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

has improvidently removed.

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company*, Inc. 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321.

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger*, 427 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

Procedurally, removal is governed by Title 28 U.S.C. § 1446 which requires that the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

## II.   ANALYSIS

It is clear in this case that removal by LaPointe was improper and untimely. Midland Credit filed suit on a $1,927.83 account debt in small claims court. No federal claim is asserted in Midland Credit's Complaint, and the $75,000 amount in controversy requirement for diversity jurisdiction under § 1332 is also not met, nor is it clear that the parties are diverse. The following is an example of the nonsensical allegations contained in Defendant's Notice of Removal which is on letterhead of "The Moorish National Republic, Societas Republicae Ea Al Maurikanos, Moorish Divine and National Movement of the World":

> I, Erod Habib Zaragua El, . . . [b]y being Moorish American, the Respondent [LaPointe] has diplomatic immunity in the Great Missionary Work to uplift

> fallen Humanity. The district court shall have original jurisdiction, exclusive of the courts of the states, of all civil actions and proceedings against consuls, vice consuls, and members of a diplomatic mission. . . . Therefore I, Erod Habibi Xaragua El, respectfully request that this action be removed from the county court of Orange county, Florida to the United State district court for the Middle district of Florida State Republic.
>
> I declare under the penalty of perjury under the Law of the Zodiac Constitution . . . .

Doc. No. 1 at 2 (mistakes in original). In the Motion, LaPointe affirms:

> I affirm, for the Record, that I do not have or possess any gold or silver coins, as prescribed by the Constitution for the United States Republic, which is the lawful money to pay the restricting demands conditionally commanded by employees and contractors of the court. The said restrictions (unconstitutional) are arbitrarily hindering Due Process and imposed for processing these documents. Therefore, I submit this Writ "In Forma Pauperis" being an enjoyment and exercise of my unconditional and Constitutionally - secured rights (not a °feudal-fee-burdened privilege) to timely and speedily enforce Due Process of Law.
>
> I respectfully, with 'Good Faith' and with Honor, submit this 'Affidavit of Financial Statement' and Evidence.

Doc. 6 at 2.

As the Court sees no basis for federal jurisdiction over this matter, it is respectfully recommended that the Motion be denied and the matter be remanded to state court in the absence of federal jurisdiction.

Accordingly, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. 6);

2. **REMAND** the case to the County Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2022-sc-010819-O.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on July 6, 2022.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of Record
Defendant Erod LaPointe