UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIDLAND CREDIT MANAGEMENT INC.,

        Plaintiff,

v.                                  Case No. 6:22-cv-918-WWB-DAB

EROD LAPOINTE,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Affidavit of Financial Statement (Doc. 6), which the Court construes as a motion to proceed *in forma pauperis*. United States Magistrate Judge Celeste F. Bremer issued a Report and Recommendation (Doc. 10), in which she recommends that the motion be denied and the action be remanded for lack of jurisdiction. (*Id.* at 7–8). Defendant filed a Writ of Error (Doc. 11), which will be construed as an objection to the Report and Recommendation.

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement.

*Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).  The court will not consider "[f]rivolous, conclusive, or general objections."  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

Plaintiff Midland Credit Management Inc. filed a state court small claims action against Defendant to collect a charged-off account that it acquired from Citibank seeking the sum of $1,927.83.  (Doc. 10-1 at 1, 8).  Defendant removed the action to this Court.  (Doc. 1).  Magistrate Judge Bremer recommends that the case be remanded because Plaintiff did not assert a federal claim, the $75,000 amount in controversy has not been met, and it is unclear if the parties are completely diverse.  (Doc. 10 at 6).  Defendant's objection does not address Magistrate Judge Bremer's recommendations concerning jurisdiction.  Instead, he asserts that the Report and Recommendation is "null and void" because Magistrate Judge Bremer failed to "honor her oath to support the Constitution" and "anything in the constitution or laws of any state to the contrary of the Constitution for the United States Republic is null and void."  (Doc. 11 at 1).  Magistrate Judge Bremer's recommendations, however, are based on federal law, not state law.  Nor does Defendant's unadorned citation to article VI of the Constitution provide this Court with anything more than a conclusory objection that does not seemingly relate to any finding of fact or conclusion of law set forth in the Report and Recommendation.  Accordingly, Defendant's Writ of Error will be overruled.

After a de novo review of the record, the Court agrees entirely with the analysis in the Report and Recommendation.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Writ of Error (Doc. 11) is **OVERRULED**.

2. The Report and Recommendation (Doc. 10) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Defendant's Affidavit of Financial Statement (Doc. 6), construed as a motion to proceed *in forma pauperis*, is **DENIED**.

4. This case is **REMANDED** to the County Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2022-SC-010819-O.

5. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on August 5, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party